UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ARTURO JESUS HERRERA** | : | **DOCKET NO. 2:20-cv-0659** |
| **REG. # 15410-078** | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **USA** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a pro se petition for writ of habeas corpus filed under 28 U.S.C. § 2241, by Arturo Jesus Herrera. Doc. 1. Herrera is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institution at Oakdale, Louisiana. The instant petition was originally filed in the Eastern District of Texas on May 20, 2020 (doc. 1) and subsequently transferred to this Court on May 25, 2020 (doc. 5). This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

### I.
#### BACKGROUND

Herrera brings this petition contending that the sentencing court, the United States District Court for the Eastern District of Texas, erred when it did not order his federal sentence to run concurrent with the state sentence he was serving at the time. *Id*. at p. 2.

Herrera exhausted this claim through the BOP. The Regional and Central Office responses indicate that Petitioner was sentenced in the state of Texas to a term of 15 years confinement for Possession of Methamphetamine with Intent to Deliver on February 9, 2007, and a concurrent 2-

year term of confinement for Possession of Alprazolam with Intent to Deliver.  Doc. 8, att. 2, p. 9. While in state custody, he was "borrowed" pursuant to a federal writ of habeas corpus ad prosequendum and on June 25, 2009, subsequently sentenced in the Eastern District of Texas to a 120-month term of imprisonment for Felon in Possession of a Firearm.  *Id*.  The sentencing court was silent as to whether the federal sentence was to run concurrently or consecutively with the state sentence.  *Id*. at p. 10.  On March 1, 2013, he completed his state sentence and was released to the federal authorities, at which time his federal sentence began to run.  *Id*.

On February 22, 2016, Petitioner filed a Motion to Correct Sentence Pursuant to Federal Rule of Criminal Procedure 36 in the sentencing court, whereby he sought to have his federal sentence corrected to reflect a departure based on time served in state custody.  See *United States v. Herrera*, supra, doc. 34.  On March 19, 2018, the sentencing court, relying on the fact that it remained silent as to credit for time served or concurrent sentences, denied his motion.  *Id*. at doc. 36.

On May 16, 2016, Herrera brought before the sentencing court a pro se Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255, on unrelated grounds (*id*. at rec. doc. 35), which was denied on February 22, 2019 (*id*. at rec. doc. 37).

While the present matter was still pending in the Eastern District of Texas, Petitioner also filed a motion to run sentence concurrent and correct sentence to apply time served.  Doc. 3.

## II.
### LAW & ANALYSIS

### A.  *Screening of Habeas Corpus Petitions*

A district court may apply any and all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary

review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Section 2241

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Under 18 U.S.C. § 3585(b), the authority to grant or deny credit for time served is specifically reserved to the United States Attorney General and delegated to the Bureau of Prisons. *United States v. Wilson*, 112 S.Ct. 1351, 1353–54 (1992); *see also United States v. Jack*, 566 Fed. App'x 331, 332 (5th Cir. 2014). The federal sentencing court, however, may order a term of imprisonment to run concurrently or consecutively with an anticipated but not yet imposed state sentence. *United States v. Hernandez*, 234 F.3d 252, 256 (5th Cir. 2000).

A district court may review a challenge to the BOP's refusal to grant credit for time served or make a nunc pro tunc designation through a § 2241 petition, after the BOP has made a final decision on same. *See Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010).

### C. *Application to Johnson's Petition*

Herrera alleges that the sentencing court erred when it did not state that his state sentence was to run concurrent with his federal sentence. *Id*. at p. 2.

There is no statute that provides a prisoner the right to have time served on a state sentence credited to his federal sentence. *Curlin v. Cockrell*, 2002 U.S. Dist. LEXIS 27861, *13 (N.D. Tex. July 12, 2002). Moreover, "[w]ell-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively *unless* the district court specifically orders that they run concurrently." *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003); *see* 18 U.S.C. § 3584(a). This rule applies even if the state court sentence is still merely anticipated rather than imposed. *Branch v. Pearce*, 2015 WL 3936166, at *3–*4 (W.D. Tex. Jun. 26, 2015) (citing *Hunter*, 622 F.3d at 428–31 & n. 4 (5th Cir. 2010)). Petitioner, furthermore, is entitled to no "credit for time served in state custody . . . for the period served under the state sentence prior to [a] judgment remanding him to federal custody." *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1988). Prisoners are "ordinarily not" given credit toward their federal sentences for time spent "serving a sentence imposed by another jurisdiction for an unrelated offense." *Shaw v. Smith*, 680 F.2d 1104, 1106 (5th Cir. 1982).

"Even assuming that [petitioner's] state and federal convictions arose from the same acts, [§ 3585] does not require a credit for time served on the state charges." *Shillingford*, 586 F.2d 472, 374 (5th Cir. 1978). It is constitutionally permissible for the state and federal governments to each impose a sentence on a defendant based on the commission of a single act constituting offenses under both state and federal law. *Id. (citing Abbate v. United States*, 79 S. Ct. 666 (1959); *Bartkus v. Illinois*, 79 S. Ct. 676 (1959); *Brown v. United States*, 551 F.2d 619, 620 (5th Cir. 1977); *Hill v. Beto*, 390 F.2d 640 (5th Cir. 1968)). Moreover, the sentences imposed may run consecutively;

neither the Constitution nor § 3568 requires the sentences to be concurrent. *Id. (citing United States v. Williams*, 487 F.2d 215 (5th Cir. 1973), *cert. denied*, 94 S. Ct. 1949 (1974); *See Jackson v. Attorney General of the United States*, 447 F.2d 747, 749 (5th Cir. 1971)).

Herrera cannot demonstrate any error to the district court's decision or abuse of discretion in the BOP's reliance on same. Accordingly, the motion must be denied.

### III.
### CONCLUSION

For the reasons provided above,

**IT IS RECOMMENDED** that the petition should be **DENIED** and **DISMISSED WITH PREJUDICE** under Rule 4 of the Rules Governing § 2254 Proceedings in the United States District Courts.

**IT IS FUTHER RECOMMENDED** that the "motion to run sentence concurrent and correct sentence and apply credit for time served nunc pro tunc," (doc. 3) filed in the sentencing court prior to the matter being transferred to this Court, be **DENIED** as moot.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

-6-

THUS DONE this 3rd day of August, 2020.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE